NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CANDELARIA DE LOS ANGELES CORPENO-ROMERO; JAVI ALEXANDER CORNEJO-CORPENO, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-576 <br><br> Agency Nos. <br> A215-944-680 <br> A215-944-681 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 17, 2024
San Francisco, California

Before: S.R. THOMAS, CALLAHAN, and SANCHEZ, Circuit Judges.

Candelaria De Los Angeles Corpeno-Romero and her child Javi Alexander

Cornejo-Corpeno ("Petitioners") are natives and citizens of El Salvador.[1]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] Candelaria is the lead Petitioner. Javi filed his own asylum application and was listed as a derivative beneficiary on his mother's asylum application.

Petitioners seek review of a decision of the Board of Immigration Appeals ("BIA"), which affirmed the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (cleaned up). We grant the petition in part, deny the petition in part, and remand to the BIA for further proceedings consistent with this opinion.[2]

1.     The agency's rejection of Petitioners' groups based on their opposition to M-18 or Candelaria's sex and marital status is supported by substantial evidence. Petitioners allege that their removal to El Salvador would result in persecution on account of their membership in the following particular social groups: (1) Salvadoran women without male familial protection; (2) Salvadorans who openly oppose criminal gangs who have far reach in society and

---

[2] In a separate published opinion filed concurrently with this memorandum disposition, we address Petitioners' argument that the agency erred in denying their applications for asylum and withholding of removal on the ground that they did not establish past persecution or a well-founded fear of future persecution in El Salvador on account of a protected ground: their familial relationship with Javi's father.

evade control of authorities; and (3) Salvadoran parents of youth who have been recruited and threatened by gangs but have refused to join. They also claim that they were and will be persecuted based on their anti-M-18 political opinions. These claims lack merit.[3]

2. Substantial evidence supports the agency's conclusion that Candelaria did not show that she was or will be persecuted based on her status as a "Salvadoran wom[a]n without male familial protection." As the agency noted, the record shows that Candelaria "was not threatened or harmed despite living for years in El Salvador without a partner."

3. Substantial evidence supports the agency's conclusion that Petitioners are not members of the social group of "Salvadorans who openly oppose criminal gangs who have far reach in society and evade control of authorities." There is no evidence that Petitioners openly opposed M-18. Javi's opposition to M-18 amounted to fleeing from them, which by itself does not make him a member of any particular social group. *See Ramos-Lopez v. Holder*, 563 F.3d 855, 861–62 (9th Cir. 2009) (rejecting the proposed social group of "young Honduran men who have been recruited by the MS-13, but who refuse to join" as insufficiently

---

[3] Petitioners also broadly argue that the BIA ignored their "arguments and material issues" without specifying what the agency missed. This argument is undeveloped and therefore waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

particular because there was "no unifying relationship or characteristic to narrow this diverse and disconnected group" (citation omitted)), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc). Candelaria visited a police station to offer emotional support as Carlos's sister identified his killers, but that was sixteen years ago and there is no evidence that anyone in society other than the police officers saw her do so.

Substantial evidence supports the agency's conclusion that neither act amounts to open and/or socially distinctive opposition to M-18. The agency properly rejected Petitioners' political opinion claims for the same reason. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (rejecting argument that non-citizen was persecuted on account of a political opinion where he alleged no facts in support of a political opinion beyond his refusal to join the gang), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1081; *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1017 (9th Cir. 2023) (expression of a political opinion must be "sufficiently conscious and deliberate").

4.    Substantial evidence supports the IJ's conclusion that Candelaria's proposed social group of "Salvadoran parents of youth who have been recruited and threatened by gangs but have refused to join" is not cognizable. Petitioners' evidence does not compel the conclusion that the group is sufficiently recognized in El Salvador. *Cf. Santos-Lemus v. Mukasey*, 542 F.3d 738, 745–46 (9th Cir.

2008) (holding that young men in El Salvador resisting gang violence do not constitute a particular social group), *abrogated on other grounds by Henriquez-Rivas*, 707 F.3d at 1081.

5. Substantial evidence supports the BIA's finding that Petitioners were not entitled to CAT relief. To qualify for CAT relief, a petitioner must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). As the agency explained, Petitioners have not been tortured in the past, and the fact that the gang members who killed Javi's father were convicted and served time in prison undermines Petitioners' claim that any such future harm would be "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *Id.* § 1208.18(a)(1).

**PETITION GRANTED IN PART AND DENIED IN PART; REMANDED.**